UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:20-cv-459-SRC |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner James Ward's motion for leave to proceed *in forma pauperis*, and his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The Court will grant petitioner leave to proceed *in forma pauperis*, and will summarily dismiss the petition because it is successive and was filed without authorization from the United States Court of Appeals for the Eighth Circuit.

### Background

On May 21, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri found petitioner guilty of first-degree murder, first-degree assault, and two counts of armed criminal action. On July 8, 1999, petitioner was sentenced to life imprisonment without the possibility of parole, a concurrent 30-year term of imprisonment, and two consecutive 15-year terms of imprisonment, respectively. *See State v. James Ward*, No. 22981-1030A (22nd Jud. Cir. 1999). Petitioner's convictions and sentences were affirmed on appeal.

On or about October 24, 2002, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, seeking to challenge his 1999 convictions and sentences. *Ward v. Roper,* No. 4:02-cv-1541-CEJ (E.D. Mo. 2002) (hereafter "Ward I"). On February 3, 2006, the

Court dismissed the petition on its merits. On March 22, 2006, petitioner filed a notice of appeal, and on November 28, 2006, the United States Court of Appeals for the Eighth Circuit dismissed the appeal.

Petitioner filed the instant petition on or about March 30, 2020. Therein, he claims he is entitled to relief because his trial attorney rendered ineffective assistance. Petitioner avers he "has never filed any type of petition, application, or motion in a federal court challenging the conviction that he now challenges in this petition." (ECF No. 1 at 3). However, he clearly challenges the same state court judgment he challenged in Ward I. Petitioner also avers he filed a petition for writ of habeas corpus in the Missouri Supreme Court on December 13, 2019 and the Missouri Supreme Court denied it on February 18, 2020, and the instant petition is therefore timely.

## Discussion

Petitioner has already sought and been denied federal habeas corpus relief concerning the underlying convictions and sentences he challenges here. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Accordingly, to the extent petitioner seeks to re-litigate claims he brought in Ward I, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent petitioner seeks to bring new claims for relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner does not allege, nor does independent inquiry reveal, that the Eighth Circuit Court of Appeals has

entered an order authorizing this Court to consider the instant petition. As petitioner has not been granted the requisite leave, the instant petition must be dismissed as successive. The Missouri Supreme Court's February 18, 2020 denial of petitioner's state habeas petition does not authorize the filing of this action, nor can this action serve as a means to appeal the Missouri Supreme Court's decision. Finally, the Court finds that petitioner has not made a substantial showing that he was denied a constitutional right, and will therefore not issue a certificate of appealability.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED AND DISMISSED** as successive. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24th day of April, 2020.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE